ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of -- ) | |
| ) | |
| Bahram Malikzada Construction Co. ) | ASBCA Nos. 59613, 59614 |
| ) | |
| Under Contract Nos. W91B4N-10-C-8182 ) | |
| W91B4N-10-C-8183 ) | |

APPEARANCE FOR THE APPELLANT:     R. Michael Smith, Esq.
                                                     Bowie & Jensen, LLC
                                                     Towson, MD

APPEARANCES FOR THE GOVERNMENT:     Raymond M. Saunders, Esq.
                                                             Army Chief Trial Attorney
                                                             MAJ James P. Leary, JA
                                                             Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE YOUNGER
ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

The government moves to dismiss these appeals for lack of jurisdiction, contending that appellant, Bahram Malikzada Construction Co. (BMCC), failed to file a notice of appeal within 90 days of receipt of the contracting officer's final decision as required by the Contract Disputes Act, 41 U.S.C. § 7104(a). BMCC opposes. We grant the motion and dismiss the appeals.

STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

1. On 8 June 2010, the United States Joint Contracting Command-Iraq/Afghanistan, Bagram Regional Contracting Center (the government) awarded Contract No. W91B4N-10-C-8182 (the 8182 contract) to BMCC for the construction of Bravo Kandak Headquarters Building 1 on Bagram Airfield, Afghanistan (R4, tab 1). The government subsequently awarded Contract No. W91B4N-10-C-8183 (the 8183 contract) to BMCC for the construction of Bravo Kandak Headquarters Building 2 on 11 June 2010 (R4, tab 2). Both the 8182 and 8183 contracts incorporated numerous standard Federal Acquisition Regulation (FAR) clauses, including FAR 52.233-1, DISPUTES (JUL 2002) and FAR 52.249-10, DEFAULT (FIXED-PRICE CONSTRUCTION) (APR 1984) (R4, tab 1 at 15, tab 2 at 14).

2. On 29 November 2010, contracting officer Daniel R. Tatro issued two contracting officer's final decisions,[1] terminating both the 8182 and 8183 contracts for

---

[1] These decisions contained incorrect appeal rights.

default (R4, tabs 24, 25). The contracting officer subsequently issued unilateral modifications reflecting the default terminations on 2 January 2011 (R4, tabs 26, 27).

3. The record also contains two final decisions by contracting officer MAJ Michael Washington, both dated 14 July 2012, denying BMCC's "claim[s] for additional payment" under the 8182 and 8183 contracts (R4, tab 30 at 2-3, tab 31 at 2-3). The final decisions were provided to BMCC by emails dated 7 August 2012 (R4, tab 30 at 1, tab 31 at 1). The claims in response to which the contracting officer issued the decisions are not in the record. Contracting officer Washington determined that the 8182 and 8183 contracts were properly terminated and that BMCC was not entitled to additional compensation (R4, tab 30 at 3, tab 31 at 3). Neither final decision, however, provided any information regarding BMCC's right to appeal.

4. Following contracting officer Washington's final decisions, BMCC continued to seek payment under the 8182 and 8183 contracts (*see* R4, tabs 34-39). By email dated 24 May 2013, Lt Col Matthew A. Sinning, USAF, Chief, Regional Contracting Center-East, instructed BMCC to: "Please submit your claim and all associated documentation to MAJ Locklear. He will be the contracting officer for this action." (R4, tab 40) BMCC responded the same day, with a copy to contracting officer James T. Locklear, "I would kindly requ[e]st for termination for convience [sic] to be issued and will get back to you ASAP on Certified filled Calims [sic]" (*id.*).

5. BMCC submitted two documents to the government, each titled "Actual Bill of Quantities Completed as Per Site," seeking $286,139 under the 8182 contract and $243,534 under the 8183 contract (R4, tabs 42, 44). BMCC provided these documents to Col Glen E. Christensen, USAF, on 7 June 2013, which were forwarded to contracting officer Locklear on 8 June 2013 (R4, tabs 41, 43). On 8 June 2013, contracting officer Locklear directed BMCC to provide a certification and supporting documentation for its claims (R4, tab 45 at 1-2).

6. The record contains an undated BMCC document titled "Claim Certification and Support Documents" (R4, tab 51). This submission contained a Contract Disputes Act certification pursuant to 41 U.S.C. § 7103(b), signed by BMCC's president, Ziaulhaq Malikzada, which certified BMCC's claim for $286,139 under the 8182 contract and for $243,534 under the 8183 contract, a total of $529,673 (*id.* at 2). This submission also provided copies of various invoices and other documents to support its claims (*id.* at 3-55).

7. Contracting officer Locklear issued a 25 September 2013 final decision in response to a "Certified Claim Submitted by BMCC," seeking $529,673 under the 8182 and 8183 contracts. In the final decision, the contracting officer denied BMCC's claim in its entirety. The contracting officer's decision advised BMCC that:

2

> This is the final decision of the Contracting Officer. You
> may appeal this decision to the agency board of contract
> appeals. If you decide to appeal, you must, within 90 days
> from the date you receive this decision, mail or otherwise
> furnish written notice to the agency board of contract appeals
> and provide a copy to the Contracting Officer from whose
> decision this appeal is taken.

The final decision also advised BMCC of its right to bring an action in the United States Court of Federal Claims within 12 months of receipt in lieu of appealing to the Board. (R4, tab 48 at 4) The contracting officer provided a copy of his decision to BMCC by email dated 25 September 2013 (R4, tab 47).

8. In a 27 September 2013 email, BMCC responded to contracting officer Locklear as follows:

> This is the acknowledgement of your poor decision, and you
> field [sic] to make reasonable decision, my claim's will
> remain as it is, and with the Evidence that I have for a LAW
> Suit, will start my Appeal, your senior contracting officer
> visited the factory and physically Tasted the Pre-cast wall and
> I have proof that he verify and I have recorded Voice
> approval,. and will prove that these wall were pre-casted back
> in 2010, As a local contractor and throw out my long history I
> have had business with the U.S. Government, I been always
> reliable and honest to the U.S Military, In return No one
> would consider my problem and threats which me and my
> family is facing with, the amount for these claims are not
> affordable to be paid from my family, like i say i have more
> than these claims and will presume to supreme Court of
> U.S.A.
>
> Thank you for making my day.

(R4, tab 49 at 1) (Syntax in original)

9. A 16 December 2013 email from the government to BMCC provided, in pertinent part: "Captain Arizala is from the Contracting Office here on Bagram Airfield. Captain Arizala is willing to inform you of how the appeals process will work and set up a meeting." (R4, tab 50 at 1) BMCC emailed Captain Arizala on 17 December 2013, with copy to other government officials, thanking him for his effort "to assist BMCC [through] our long lasting dispute" and noting that "we [BMCC] are trying to find the right chain of command to appeal in order to recover our los[s] and as an [A]fghan

company based in Afghanistan we are unable to appeal [through] the US legal system..." (*id.* at 2). The government's 17 December 2013 email reply to BMCC stated:

> There is no need for a meeting, you have been informed that this issue has been addressed by the RCC [Regional Contracting Center] and this matter is now closed. If you don't agree with the final decision of the contracting officer, you are more than welcome to contact the Armed Services Board of Contract Appeals.

(*Id.* at 3) The government's 17 December 2013 email then proceeded to provide BMCC the contact information for this Board, including both the Board's email address and the mailing address for the Board's offices in Northern Virginia (*id.*).

10. In March 2014, Mr. Malikzada protested contracting officer Locklear's final decision by blocking a gate at Bagram Airfield (app. opp'n, Malikzada decl. ¶ 15). Following this incident, on 20 March 2014, 1LT Joseph Krebsbach emailed Ms. Marnie Gustavson noting that Mr. Malikzada had "a complaint regarding payment on a contract for work that occurred in 2010" and stating that he and his supervisor would "be more than happy to assist anyone in making a claim, showing them the correct channels through which to do so." 1LT Krebsbach contacted Ms. Gustavson because Mr. Malikzada "spoke highly of you, and indicated that he has a close relationship with you," and hoped that Ms. Gustavson would relay his message to Mr. Malikzada. (App. opp'n, Gustavson decl., ex. 1 at 2) Ms. Gustavson's 20 March 2014 email reply stated that BMCC had "been through this particular process a number of time and has even been told to go to Virginia to file a lawsuit." Ms. Gustavson further stated that BMCC was moving to using political pressure to get compensated and that she had requested that the Special Inspector General for Afghanistan Reconstruction open an investigation into the matter. (App. opp'n, Gustavson decl., ex. 1 at 1-2)

11. On 6 October 2014, the Board received a letter, dated 22 September 2014 and postmarked 25 September 2014, titled "Subject: Bahram Malikzada Construction Company (BMCC) Appeal," along with numerous attachments. BMCC's 22 September 2014 letter directly addressed many of the paragraphs in contracting officer Locklear's 25 September 2013 final decision, and requested that the Board reverse the default terminations and award it $415,568.40 under the 8182 and 8183 contracts. The Board docketed BMCC's 22 September 2014 letter as two appeals, one under each contract.

4

## DECISION

The government moves to dismiss these appeals for lack of jurisdiction, arguing that BMCC's 22 September 2014 letter (*see* statement 11) was not filed within the 90-day period prescribed by the Contract Disputes Act, 41 U.S.C. § 7104(a) (gov't mot. at 6-7). In opposition, BMCC does not contend that its 22 September 2014 letter was a timely notice of appeal. Rather, relying upon this Board's misdirected appeal cases, BMCC asserts that its 27 September 2013 email to contracting officer Locklear provides a basis for the Board's jurisdiction over these appeals (app. opp'n at 7-9). The government responds that the 27 September 2013 email fails to provide a basis for the Board's jurisdiction because BMCC failed to make an election of forum (gov't reply at 4-6).

Under the Contract Disputes Act, a contractor may appeal a contracting officer's decision to an agency board of contract appeals within 90 days of receipt of the decision. 41 U.S.C. § 7104(a); *Creek Services, LLC*, ASBCA No. 59127, 14-1 BCA ¶ 35,648 at 174,554; *Alnawars Co.*, ASBCA No. 58678, 13 BCA ¶ 35,463 at 173,909. The timely filing of an appeal within the 90-day statutory period is jurisdictional and cannot be waived. *Cosmic Construction Co. v. United States*, 697 F.2d 1389, 1390 (Fed. Cir. 1982); *Waterstone Environmental Hydrology & Engineering, Inc.*, ASBCA No. 57557, 12-1 BCA ¶ 35,028 at 172,141-42; *Dick Pacific/GHEMM JV*, ASBCA Nos. 55562, 55563, 07-1 BCA ¶ 33,469 at 165,920.

We have long held that filing an appeal with the contracting officer is tantamount to filing an appeal with the Board. *Ft. McCoy Shipping & Services*, ASBCA No. 58673, 13 BCA ¶ 35,429 at 173,795; *Mass. Microwave Tube & Device Corp.*, ASBCA No. 52020, 99-1 BCA ¶ 30,350 at 150,100; *I.T.S. Corp.*, ASBCA No. 31993, 86-1 BCA ¶ 18,678 at 93,927. An otherwise sufficient notice of appeal filed with the contracting officer rather than the Board, and furnished within the 90-day appeal period, is a valid notice of appeal. *JWA Emadel Enterprises, Inc.*, ASBCA No. 51016, 98-2 BCA ¶ 29,765 at 147,503. To be an effective notice of appeal, a writing filed within the requisite time period must express dissatisfaction with the contracting officer's decision and indicate an intention to appeal the decision to a higher authority. *Ft. McCoy*, 13 BCA ¶ 35,429 at 173,794; *ESA Environmental Specialists, Inc.*, ASBCA No. 55620, 07-1 BCA ¶ 33,573 at 166,312.

This Board, however, is not the only forum for challenging a contracting officer's decision. The Contract Disputes Act provides that in lieu of filing an appeal with this Board, a contractor may bring an action directly in the United States Court of Federal Claims within 12 months of receipt of a contracting officer's decision. 41 U.S.C. § 7104(b)(1), (3). Once a contractor makes an election to challenge the contracting officer's decision in one forum, the contractor can no longer pursue its claim in the other forum. *Bonneville Associates v. United States*, 43 F.3d 649, 653 (Fed. Cir. 1994). Accordingly, for this Board's jurisdiction to attach, a contractor's communication with the contracting officer must express an election to appeal to this Board. *Stewart-Thomas*

5

*Industries, Inc.*, ASBCA No. 38773, 90-1 BCA ¶ 22,481 at 112,835-36; *see also Maria Lochbrunner*, ASBCA Nos. 57235, 57236, 11-2 BCA ¶ 34,783 at 171,186; *Environmental Safety Consultants, Inc.*, ASBCA No. 54995, 06-1 BCA ¶ 33,230 at 164,666; *Wach-und Werkschutz Kleve-Bocholt GmbH*, ASBCA No. 41651, 91-2 BCA ¶ 23,862 at 119,553. We have inferred such an intent to appeal to this Board where a contractor's communication to the contracting officer uses the term "appeal." *Mass. Microwave*, 99-1 BCA ¶ 30,350 at 150,100 (noting that the Contract Disputes Act "does not use the term 'appeal' for proceedings in the [Court of Federal Claims]"); *McNamara-Lunz Vans & Warehouses, Inc.*, ASBCA No. 38057, 89-2 BCA ¶ 21,636 at 108,856 (noting that the contracting officer's decision "advised the contractor that it could '*appeal*' to this Board or '*bring an action*' in the U.S. Claims Court") (emphasis in original); *see also Axxon Int'l, LLC*, ASBCA Nos. 59497, 59498, 15-1 BCA ¶ 35,864 at 175,342 (finding that a contractor's letter was an effective notice of appeal where the letter stated that it was "an appeal of the wrongful termination"). However, we have also stated that we will not retroactively attach to correspondence the requisite intent to appeal to the Board where a review of the record demonstrates that such intent was lacking when submitted. *AIW-Alton, Inc.*, ASBCA No. 46917, 94-3 BCA ¶ 27,279 at 135,904-05; *Oconto Electric, Inc.*, ASBCA No. 36789, 88-3 BCA ¶ 21,188 at 106,939, *aff'd*, 884 F.2d 1399 (Fed. Cir. 1989) (unpublished table decision).

We conclude that BMCC's 27 September 2013 email to the contracting officer (*see* statement 8) does not constitute an effective notice of appeal. Although BMCC stated that it "will start [its] Appeal" (statement 8), the record does not reflect an intent by BMCC to appeal to this Board through that email. BMCC's 17 December 2013 email to the government stated that it could not appeal through the "US legal system," indicating that BMCC was attempting to resolve the matter locally (statement 9). Although the government's 17 December 2013 response noted that the matter was closed by the Regional Contracting Center, stated that BMCC could contact this Board if it did not agree with contracting officer Locklear's final decision, and provided BMCC with this Board's contact information (statement 9), BMCC did not contact this Board until nine months later with its 22 September 2014 letter. The record reflects that in the meantime BMCC continued to seek compensation through local channels in Afghanistan (statement 10). Based on this record, we cannot attribute an intent to appeal to this Board to BMCC's 27 September 2013 email.

As we stated in *Oconto*, "[w]hile the Board historically has interpreted contractors' communications liberally in determining whether an intent to appeal exists, the record reasonably must demonstrate an intent to appeal to the Board in order for our jurisdiction to attach." 88-3 BCA ¶ 21,188 at 106,939. BMCC's 27 September 2013 email was not an effective notice of appeal because the record does not demonstrate that BMCC had the requisite intent to appeal to this Board. BMCC's 22 September 2014 letter was filed outside the prescribed 90-day appeal period. Absent a timely notice of appeal, we lack jurisdiction to consider these appeals.

## CONCLUSION

The government's motion to dismiss for lack of jurisdiction is granted. The appeals are dismissed.

Dated: 8 October 2015


ALEXANDER YOUNGER
Administrative Judge
Armed Services Board
of Contract Appeals


I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals


I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 59613, 59614, Appeals of Bahram Malikzada Construction Co., rendered in conformance with the Board's Charter.

Dated:


JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

7